IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DIRECTV, INC.   PLAINTIFF/
COUNTER-DEFENDANT

V.   CIVIL ACTION NO. 1:09CV266-B-S

ROBERT EIDSON, ET AL.   DEFENDANTS/
COUNTER-PLAINTIFF

## ORDER DENYING CROSS MOTION FOR SUMMARY JUDGMENT

Presently before the court is the defendant Robert Eidson's Cross Motion for Summary Judgment. Upon due consideration of the motion, response, and supporting and opposing authority, the court finds that the motion is not well taken and should be denied.

Defendant Eidson is the sole owner of a commercial establishment known as Office Sports Bar & Grill in Columbus, Mississippi. Plaintiff DirecTV alleges that defendant Eidson willfully violated the Federal Communications Act, 47 U.S.C. § 605, ("FCA"), in showing Week 3 of NFL Sunday Ticket on September 21, 2008, at his establishment.

The defendant moves for summary judgment asserting that this action is barred by the statute of limitations. He asserts that the one-year limitations period set forth in Mississippi Code Ann. § 15-1-33 is applicable to this case. The plaintiff, on the other hand, contends that the three-year limitations period set forth in the federal Copyright Act at 17 U.S.C. § 507 is the applicable period. The court agrees with the plaintiff.

Because the FCA does not specify a statute of limitations applicable to Section 605, the court must adopt an appropriate statute of limitations from another state or federal source. "The Supreme Court has affirmed that state law is the 'lender of first resort,' and that courts generally are to adopt the closest state-law analogue." *Prostar v. Massachi*, 239 F.3d 669, 671 (5th Cir.

2001). "However, in limited circumstances, the Court has countenanced the application of an analogous federal law where application of state law would 'frustrate or interfere with the implementation of national policies . . . or be at odds with the purpose or operation of federal substantive law.'" *Id.*

In *Prostar* the Fifth Circuit was presented with this very issue, but within the context of a Louisiana case. The court determined that a violation of the FCA was most analogous to the Louisiana tort of conversion. *Id.* at 675. The court went on to find, however, that the Louisiana statute was "'at odds with' the FCA's 'purpose or operation, or frustrate[s] or interfere[s] with the intent behind it.'" *Id.* The court instead concluded "that the Copyright Act provided the appropriate federal-law analogue to Prostar's FCA claims" and was a "closer fit" than the conversion law. *Id.* at 677.

The defendant argues that because, unlike Louisiana, Mississippi has a statute providing for criminal and civil penalties for theft of communication services which is similar to 47 U.S.C. § 605, the court should apply the prescriptive period applicable to that statute, which the defendant argues is one year as set forth in Mississippi Code Ann. § 15-1-33. The *Prostar* court's decision to look to federal law for the applicable period did not turn entirely on the absence of a close analogy between the Louisiana statute and the FCA, however. In arriving at its decision, the court instead appeared to be more concerned with the possible undermining of the implementation of the FCA by the application of varying prescriptive periods throughout the country. The court stated:

> The application of state conversion law in each of the fifty states would result in widely varying limitations periods. As Prostar notes, cable companies engage in multistate activities and would consequently be required to make fifty separate

2

decisions in their efforts to investigate and pursue cable piracy. A single federal standard would eliminate these practical difficulties, facilitating resolution of the national problems addressed by the FCA.

*Id.*

In accordance with the Fifth Circuit's holding in *Prostar*, this court finds that the appropriate analogue to the FCA is the federal Copyright Act, which provides a three-year statute of limitations. The violation of Section 605 alleged in this case occurred on September 21, 2008. The plaintiff brought this action on October 30, 2009 – well within the limitations period.

For the foregoing reasons, the court finds that the defendant's Cross Motion for Summary Judgment should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 27th day of September, 2012.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**